**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DOTUN DAVID FAKEYE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-2979-N |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY, | ) | |
| ET AL., | ) | |
| Defendant. | ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I. Background**

On October 25, 2016, Plaintiff filed this unspecified action against Defendants the CIA, the FBI, the United States Police Department, the Department of Homeland Security, the United States, and the State of Texas. He is proceeding pro se and the Court has granted him leave to proceed *in forma pauperis*.

Plaintiff claims Defendants are abducting him with a UFO. He also states Defendants are conspiring to assassinate him and his family. He wants the Court to stop the Defendants' alleged actions.

**II. Discussion**

A district court may summarily dismiss a complaint filed in forma pauperis if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I). A

claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Plaintiff's complaint recites fantastic charges which are fanciful and delusional in nature. Dismissal is warranted under these circumstances.  *See, e.g., Patterson v. U.S. Government*, No. 3:08-CV-1730-K, 2008 WL 5061800 (N.D. Tex. Nov. 25, 2008) (dismissing complaint alleging plaintiff was being tracked by a remote control bracelet and that someone at a family crisis center threatened to put her in a dungeon); *Melton v. American Civil Liberties Union*, No. 3:07-CV-856-M, 2007 WL 2263953 (N.D. Tex. Jul. 30, 2007) (dismissing complaint alleging ACLU and its attorneys, acting as Russian agents, violated plaintiff's civil rights by using the courts to establish a communist government); *Daniel v. FBI*, No. 3:03-CV-1281-N, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (dismissing complaint alleging the FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States).  The Court recommends that Plaintiff's complaint be dismissed.

## III.  Recommendation

The Court recommends that the complaint be dismissed with prejudice pursuant to the 28 U.S.C. § 1915(e)(2).

Signed this 29th  day of November, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).